Michael S. Brophy (SBN 197940)
michael.brophy@withersworldwide.com
Bryan C. Hathorn (SBN 294413)
bryan.hathorn@withersworldwide.com
**Withers Bergman LLP**
1925 Century Park East, Suite 400
Los Angeles, California 90067
Telephone:  310.277.9930
Facsimile:   310.277.9935

Attorneys for Plaintiff Zobele Mexico,
S.A. de C.V.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ZOBELE MEXICO, S.A. de C.V., | Case No.: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| AUTO EXPRESSIONS, LLC and KRACO ENTERPRISES, LLC,, | |
| Defendants. | |

Plaintiff Zobele Mexico, S.A. de C.V., for its complaint against Defendants, avers as follows:

## **PARTIES**

1.   Plaintiff Zobele Mexico, S.A. de C.V. ("Zobele") is a company duly formed and existing under the laws of Mexico, with its principal place of business in Hermosillo, Sonora, Mexico.

2.   On information and belief, Defendant Auto Expressions, LLC ("Auto Expressions") is an Illinois limited liability company, which is <u>not</u> in "Good Standing" in Illinois, with its principal office at 505 E. Euclid Avenue, Compton, California 90224, that is registered to do business in the State of California, and does business in the County of Los Angeles, State of California.

/////

3. On information and belief, Defendant Kraco Enterprises, LLC ("Kraco") is an Illinois limited liability company, with its principal office at 505 E. Euclid Avenue, Compton, California, 90224, that is registered to do business in the State of California, and does business in the County of Los Angeles, State of California.

4. On information and belief, Defendant Kraco is the sole member and the manager of Defendant Auto Expressions.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Zobele's claims, pursuant to 28 U.S.C. § 1332, because complete diversity exists, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. On information and belief, this Court has personal jurisdiction over Kraco and Auto Expressions because Kraco and Auto Expressions have their principal offices in California, do business in California, at all relevant times have done business in California, and because the claims in this case arise out of or relate to the business which Kraco and Auto Expressions conducted in California and there is a causal link between Kraco's and Auto Expressions' conduct in California and the claims in this case.

7. Venue is proper in the Central District of California, under 28 U.S.C. § 1391, because Kraco and Auto Expressions have their principal offices in this district, and therefore reside in this district, and because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTS COMMON TO ALL COUNTS

8. Zobele, among other things, purchases and exports from Mexico on a wholesale basis various products including air freshener products for automobiles.

9. Until recently, and at all relevant times, Kraco and Auto Expressions sold, among other things, the air freshener products they purchased from Zobele.

10. Zobele has had a business relationship with Kraco and Auto Expressions, under which Kraco and Auto Expressions jointly issued purchase orders to Zobele for

air freshener products, listing Kraco as the "Bill To" entity. Zobele then manufactured such products solely for use by Auto Expressions and Kraco, and Zobele then shipped the products to Kraco's and Auto Expressions' Warehouse in Compton, California, and sent the applicable invoices to Kraco and Auto Expressions at their Compton California headquarters.

11. However, beginning in or around April or May 2017, Defendants Kraco and Auto Expressions stopped paying Zobele for the products that Zobele shipped and invoiced to Kraco and Auto Expressions. Kraco and Auto Expressions failed to pay any of the invoices issued during the period beginning in or around April or May 2017 and ending in or around December 31, 2017 (the "Unpaid Invoices"), for a total amount owed to Zobele of $839,944.00.

12. On January 18, 2018, Zobele sent a letter to Kraco, asserting that Kraco (and Auto Expressions) owed Zobele the amount of $839,944.00, as of that date.

13. On January 26, 2018, Zobele sent Kraco and Auto Expressions a "Credit Memo" in the amount of $3,096.92 (the "Credit Amount"), for certain reimbursements claims by Kraco, leaving the amount due and owing to Zobele as $836,847.08.

14. On February 7, 2018, Todd Michalik, the CEO of Kraco, wrote an email to Zobele, stating, on behalf of Kraco, that Kraco intended "to pay all amounts due" to Zobele for the unpaid invoices.

15. Neither Kraco nor Auto Expressions, however, has paid Zobele any part of the amount outstanding regarding the unpaid invoices.

16. On or about April 2, 2018, non-party Niteo Products, LLC ("Niteo"), announced that it had purchased the air-care assets of Kraco and Auto Expressions.

17. On information and belief, Kraco and Auto Expressions were insolvent at the time of this sale to Niteo, or became insolvent as a result of this sale to Niteo.

18. On information and belief, immediately prior to the sale to Niteo, certain assets of Kraco and Auto Expressions (the "secured assets") were pledged as security

for a loan from PNC Bank National Association ("PNC") to Kraco and Auto Expressions (among others), and certain assets of Kraco and Auto Expressions were not pledged as security for said loan (the "unsecured assets").

19. On information and belief, as part of the sale to Niteo, Kraco and Auto Expressions transferred the unsecured assets to Niteo without receiving any compensation for the unsecured assets.

20. On information and belief, Defendants sold all of their other assets to other purchasers. Upon information and belief, Defendants sold certain other unsecured assets without receiving compensation therefor.

21. On information and belief, the proceeds of the sale to Niteo and other purchasers were delivered to PNC Bank, as claimed partial repayment for the debt allegedly owed to PNC by Kraco and Auto Expressions, among others, and none of the proceeds was made available to satisfy other creditors of Kraco or Auto Expressions.

## FIRST CAUSE OF ACTION

**(Breach of Contract, All Defendants)**

22. Plaintiff reincorporates all of its allegations contained in Paragraph 1 through 21 of this Complaint as if fully restated herein.

23. Plaintiff had a valid and enforceable contract with Defendant Kraco for the sale of air freshener products.

24. Plaintiff had a valid and enforceable contract with Defendant Auto Expressions for the sale of air freshener products.

25. Plaintiff has fully performed its obligations under the terms of its contract with Kraco.

26. Plaintiff has fully performed its obligations under the terms of its contract with Auto Expressions.

27. Defendants Kraco and Auto Expressions have both materially breached the contract by failing to pay for the products that Plaintiff shipped to them as

identified in the Unpaid Invoices (less the Credit Amount).

28. As a direct and proximate result of Defendants' breach of contract, Plaintiff has been damaged in the amount of $836,847.08, plus interest, costs, and expenses.

## SECOND CAUSE OF ACTION

**(Account Stated – Against Both Defendants)**

29. Plaintiff reincorporates all of its allegations contained in Paragraph 1 through 28 of this Complaint as if fully restated herein.

30. Defendants owe Plaintiff money from the purchase and sale transactions, the total of which ($836,847.08) is set forth in the Zobele letter to Kraco dated January 18, 2018 ($839,944.00), minus the credit memo issued by Zobele to Kraco ($3,096.92) on January 26, 2017 ($839,944.00 - $3,096.92 = 836,847.08). Plaintiff and Kraco, by words or conduct, agreed that the amount stated in the account was the correct amount owed to Plaintiff. Defendants promised to pay the stated amount to Plaintiff. Defendants, however, have failed to pay the stated amount to Plaintiff.

31. As a direct and proximate result of Defendants' failure to pay the Unpaid Invoices (less the Credit Amount), Plaintiff has been damaged in the amount of $836,847.08, plus interest, costs, and expenses.

## THIRD CAUSE OF ACTION

**(Unjust Enrichment – Both Defendants)**

32. Plaintiff reincorporates all of its allegations contained in Paragraph 1 through 31 of this Complaint as if fully restated herein

33. As a result of the foregoing, Kraco and Auto Expressions both received a benefit, at the expense of Zobele.

34. It would be unjust to permit either Kraco or Auto Expressions to retain such benefit, without compensation to Zobele.

35. Kraco and Auto Expressions should be ordered to make restitution to Zobele, in the amount of $836,847.08, plus interest, costs, and expenses.

# FOURTH CAUSE OF ACTION

### (Fraudulent Conveyance – Civil Code § 3439.05 – Both Defendants)

36. Plaintiff reincorporates all of its allegations contained in Paragraph 1 through 35 of this Complaint as if fully restated herein.

37. As a result of the foregoing, each Defendant fraudulently transferred assets to one or more third parties while it was insolvent (or as a result of which it became insolvent) and without receiving reasonably equivalent assets for certain of the assets transferred.

38. As a direct and proximate result of Defendants' breach of contract and fraudulent conveyances, Plaintiff has been damaged in an amount of $836,847.08.

**WHEREFORE,** Plaintiff Zobele Mexico, S.A. de C.V. respectfully requests judgment against Defendants Kraco Enterprises, LLC and Auto Expressions, LLC as follows:

1. Damages, jointly and severally, against Kraco and Auto Expressions, on its first, second, and third counts, in the amount of $836,847.08;

2. The costs and expenses of this action, together with the maximum pre-judgment and post-judgment interest permitted by law; and

3. Any and all further relief as to the Court appears just and proper.

DATED: June 6, 2018

Respectfully submitted,

WITHERS BERGMAN LLP

By: *[signature]*
Michael S. Brophy
Bryan C. Hathorn
Attorneys for Plaintiff Zobele Mexico, S.A. de C.V.

6342247/12

6
COMPLAINT